649 F.2d 394
 26 Empl. Prac. Dec. P 31,830
 Forace JONES, Plaintiff-Appellant,
v.
DELCO PRODUCTS DIVISION GENERAL MOTORS CORPORATION and
International Union of Electrical, Radio and
Machine Workers, AFL-CIO-CLC, Local 755,
Defendants-Appellees.
 No. 79-3536.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 1, 1981.
Decided May 13, 1981.
 
 Walter C. Evans, Dayton, Ohio, for plaintiff-appellant.
 Joseph Buchanan, Dayton, Ohio, for Delco Products.
 Richard F. Rice, Kettering, Ohio, for Local 755.
 Before EDWARDS, Chief Judge, KENNEDY, Circuit Judge and NEWBLATT,* District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment dismissing Jones' Title VII action alleging racial discrimination in employment at the Delco Products plant in Dayton, Ohio. Appellant who is black was hired in 1946 by the General Motors Corporation, as a janitor and worked in that classification until he was promoted through several job classifications to die cast operator in 1950 and subsequently to jobsetter in 1967. The record indicates also that on January 8, 1969, appellant sustained an injury to his right hand as a result of which he lost at least the partial use of that hand, but nonetheless continued to work until reduced to the position of die cast operator (which he had previously held). Jones filed many grievances claiming that employees with lower seniority were working as jobsetters and being given overtime work which he was not allowed to have. Subsequently his medical condition was re-evaluated and he was restored to his jobsetter work and continued there until his shift was eliminated in January of 1975 where he was again reduced to die cast operator. Some months later, he received another industrial injury (to his left hand) after which the Company's medical evaluation indicated that he could only function as an elevator operator. After attempting that job for a day, appellant left General Motors' employment, accepting workmen's compensation as a result of his two injuries, but filed this suit, claiming that in the period between 1972 and 1975, he was discriminated against because there was at least one white jobsetter in another department with less seniority than he at the time of his second reduction to the classification of die cast operator.
 
 
 2
 This case was heard before a United States Magistrate in the first instance who found erroneously that appellant had not made out a prima facie case which served to shift the burden of proof to the employer under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
 
 
 3
 This court's review of this record does show, however, that at the time complained of, appellant was functioning on his original jobsetter employment under protected circumstances as a result of his right hand injury and that the Company's evaluation of his inability to transfer to another jobsetter job which he had not performed, stands undisputed and serves to rebut the presumption of race discrimination.
 
 
 4
 Against the background of appellant's steady progression with this employer until crippled by his two unfortunate industrial accidents, we cannot say that the judgment of the United States Magistrate and the United States District Judge rejecting his racial discrimination claim is clearly erroneous. For these reasons, the judgment of the District Court is affirmed.
 
 
 
 *
 Honorable Stewart A. Newblatt, United States District Judge for the Eastern District of Michigan, sitting by designation